UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISMAEL PEREZ, TONI PEREZ,

     Plaintiffs,

v.                                    Case No.  6:12-cv-1146-Orl-28TBS

INDYMAC FSB, LEHMAN BROTHERS
HOLDINGS, INC., STRUCTURED ASSET
SECURITIES CORPORATION, LEHMAN
XS TRUST SERIES 2007-12N, US BANK,
N.A., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS ("MERS"),
ONE WEST BANK, FSB,  ALL PERSONS
CLAIMING BY, THROUGH OR UNDER
SUCH PERSON, ALL PERSONS
UNKNOWN, CLAIMING ANY LEGAL OR
EQUITABLE TITLE, ESTATE, LIEN OR
INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT
ADVERSE TO PLAINI, DOES 1 TO 20,
INCLUSIVE,

     Defendants.

_____

ORDER

     On October 23, 2012, this Court issued its Report and Recommendation

(Doc. 22) on the following matters:

     (1)     Defendant, Mortgage Electronic Registration Systems, Inc.'s Motion to
              Dismiss Complaint and Incorporated Memorandum of Law (Doc. 11);

     (2)     Defendant, OneWest Bank, FSB's, Motion to Dismiss Complaint and
              Incorporated Memorandum of Law (Doc. 12);

     (3)     Defendant, U.S. Bank, N.A.'s, Motion to Dismiss Complaint and
              Incorporated Memorandum of Law (Doc. 13); and

(4)     Opposition to Defendants, Mortgage Electronic Registration Systems
("MERS"); One West Bank, FSB; US Bank, N.A.'s Motion and Motion
to Dismiss; Memorandum of Points and Authorities (Doc. 19).

On November 2, 2012, the District Judge entered his Order (Doc. 25)
referring this case to the Magistrate Judge for all further proceedings and the entry
of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and the
consent of the parties.  Accordingly, this Court's Report and Recommendation (Doc.
22) is WITHDRAWN, and this Order is entered in its place.

I.     Background

Plaintiffs' pro se Complaint bears a striking resemblance to, and is deficient
for the same reasons, as the pro se complaint in Jose B. Chicas Medrando v. CTX
Mortgage Co., LLC, 6:12-cv-704-37KRS (M.D. Fla.).  Accordingly, this Order
borrows heavily from the District Judge's Order dismissing the Medrando
complaint.[1]

Pages 12 through 15 of the Complaint are missing.  (Doc. 1).  What Plaintiffs
have filed is a rambling assemblage of allegations many of which are conclusory
and some of which use incorrect terminology.  (Id.)  It appears from my reading of
the Complaint that at an unknown point in time, Plaintiffs purchased the property
("Property") located at 14840 Sweet Acacia Drive, Orlando, Florida 32828.  (¶¶ 12 &
81).  The transaction was financed by Indymac FSB ("Indymac"), which received a
promissory note ("Note") secured by a mortgage ("Mortgage") on the Property.  (¶
21).

---

[1]Document 15 in Case No. 6:12-cv-704-Orl-37KRS.

Indymac sold and assigned its interest in the Note to Lehman Brothers

Holdings, Inc. ("Lehman") (Id.)  However, Indymac never assigned the Mortgage or

the beneficial ownership of the Mortgage to anyone.  (¶ 21).  Lehman sold the Note

to Structured Asset Securities Corporation which later sold the Note to Lehman XS

Trust Series 2007-12N (the "Trust").  (¶ 21).  U.S. Bank, N.A. (the "Trustee"), acts

as the trustee of the Trust.  (Id.)  The Trust purchased some form of insurance from

an unknown carrier to cover the risk of a default by Plaintiffs.  (¶ 57).  Plaintiffs do

not believe any of the assignments and transfers of the Note complied with New

York law, or other laws and statutes and therefore, they were not valid and are not

enforceable.  (¶ 42).

Plaintiffs defaulted on the Note and the Trust sought payment from the

insurance company which paid the Trust in full.  (¶ 63).  This was the second time

the Note was paid in full.  The first time was when Lehman purchased the Note from

Indymac.  (¶ 58).

The Mortgage is void and unenforceable because it was separated from the

Note.  (¶ 28(c)).  All of the Defendants have illegally commenced an action to

foreclose the Property based upon false and fraudulent documents.  (¶ 68).

Count I of Plaintiffs' Complaint as am action for wrongful foreclosure.  (Page

1).

Count II alleges that One West Bank, FSB ("OneWest") misrepresented its

entitlement to receive payments on the Note held by the Trust and the Note was

paid in full on two occasions.  (¶ 72).  Count II also alleges that all Defendants have

misrepresented that they own and hold the Note and Mortgage which they have illegally attempted to collect.  (¶ 73).  Plaintiffs seek damages for fraud.

In Count III, Plaintiffs ask the Court to quiet title to the Property in them and against all Defendants.  (¶¶ 82, 83 & 85).

Count IV is an action for declaratory judgment concerning "the validity of the Trust Deeds utilized to foreclose as well as a judicial determination of whether any Defendant had the legal right to foreclose based upon the Mortgage."  (¶ 90).

Count V is an action for violation of the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. and the Federal Reserve Act, 24 C.F.R. § 3500, et seq.  Plaintiffs allege that these laws were violated because Indymac paid unidentified brokers or lenders "Yield Spread Premiums" on Plaintiffs' loan without offering Plaintiff "lower upfront payments for this YSP payment."  (¶ 99).  Plaintiffs believe this action constituted an illegal kickback or fee-splitting.  (¶ 102).

In Count VI, Plaintiffs claim a violation of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1641(g).  They say the Defendants were obligated to notify them in writing, within 30 days of each transfer of the loan and Defendants failed to provide the required notice.  (¶¶ 109, 111 & 112).

II.    Standard of Review

Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007))

"While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings."  Hopkins v. St. Lucie Cnty. Sch. Bd., 399 F. App'x. 563, 565 (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (citing McNeil v. United States, 508 U.S. 106, 113 (1993))).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S.Ct. at 1949 quoting Twombly, 550 U.S. at 570.

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Rule12(b)(6), the court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007); GSW, Inc. v. Long Cnty., Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).

In determining the merits of a motion to dismiss, the court must "accept all factual allegations in the complaint as true."  Tellabs, 551 U.S. at 323.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, 129 S. Ct. at 949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007)).

When a complaint alleges fraud or mistake, Fed.R.Civ.P. 9(b) imposes a heightened pleading standard, requiring that the circumstances constituting fraud be stated with particularity.  The complaint must inform each defendant of his alleged participation in the fraudulent scheme.  Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1381 (11th Cir. 1997).  A plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." Id. at 1381 (citing Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1020 (7th Cir.1992)).

III.   Discussion

If their Complaint was not otherwise defective, Plaintiffs would still need to amend to include the pages that are missing from their original filing.

Plaintiffs' Complaint is what is commonly referred to as a shotgun pleading because Counts II, III, V and VI incorporate by reference all of the preceding paragraphs.  As a result these counts contain irrelevant factual allegations and legal conclusions.  Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  (See ¶¶ 71, 79, 94 and 108.)  Because Plaintiffs have failed to identify which facts are applicable to which claims, the Court, in ruling on the motion to dismiss "must sift out the irrelevancies, a task that can be quite onerous," and it must attempt to determine whether the facts alleged truly implicate all of the Defendants.  See Strategic Income Fund, 305 F.3d at 1295-96.

Curiously, Count IV does not incorporate any preceding paragraphs.  As a

-6-

result, this count fails because it does not contain any factual allegations concerning Plaintiff's acquisition of the Property, the mortgage loan transaction, the ownership and assignment of the Note, ownership of the Mortgage, or why there is an actual controversy between the parties.

Plaintiffs failed to comply with Fed.R.Civ.P. 8(a)(2), which states that a pleading should contain "a short and plain statement showing that the pleader is entitled to relief."  Although the Complaint is lengthy, it does not provide the Defendants notice "as to the claim[s] being asserted against [them]" or the grounds on which the claims rest. *See* Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).

The Complaint utilizes incorrect terminology.  For example, in Count IV, Plaintiffs seek "a determination of the validity of the Trust Deeds utilized to foreclose as well as a judicial determination of whether any Defendant had the legal right to foreclose based upon the mortgage."  (¶ 89).  Florida is a lien state, not a deed of trust state.  Perhaps Plaintiffs are using the terms "mortgage" and "trust deed" interchangeably or their reference to "Trust Deeds" may mean some other instruments separate from the Mortgage they refer to.  This ambiguity should be removed from the Complaint.

Plaintiffs have failed to allege when and where any foreclosure action against the Property occurred.  While the Court must take the well pled facts of the Complaint as true, it lacks any facts concerning any alleged foreclosure action.  There are no facts alleged to support Plaintiffs' broad, general assertion that

"Defendants, and each of them, through the actions alleged above, have illegally commenced foreclosure under the Note on the Property via a foreclosure action supported by false or fraudulent documents in violation of the Florida Penal Code." (¶ 68).  Assuming this allegation is true, it is insufficient to provide Defendants with notice of the facts underlying the claims against them.  Plaintiff must at least clarify which Defendants commenced foreclosure proceedings, when and in what court the proceedings took place, and the outcome of those proceedings.

Plaintiffs have technically complied with Rule 10, in that they include a case caption and numbered paragraphs.  However, their Complaint fails to fulfill the intended purposes of Rules 8 and 10.  These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine what evidence is relevant and what is not relevant.  Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citations omitted).  For the Court to attempt to decipher whether the Complaint contains any viable claims for relief it would have to "rummage through page after page of facts and conclusions to make independent determinations regarding what allegations, if any, fit with each claim, if any." Carvel v. Godley, 404 F. App'x 359, 361-62 (11th Cir. 2010).

Count I also fails because Florida does not recognize a cause of action for wrongful foreclosure.  Raines v. GMAC Mortgage Company, 2009 WL 4715969 *2

(M.D. Fla.).  The movants also argue that federal and state courts around the nation have repeatedly rejected the argument that assigning a promissory note and the mortgage securing it to separate entities voids the mortgage; that Plaintiffs do not have standing to challenge the assignment of the Note or Mortgage because they are strangers to those transactions; and that MERS has authority to assign loan documents.  These arguments are irrelevant since the cause of action itself does not exist.

Plaintiffs have failed in Count II alleging fraud, to state who made misrepresentations to them, when those misrepresentations were made, how they were made, or what precisely was said.   As a result, Plaintiffs' allegations of fraud are insufficient to fulfill the pleading requirements contained in Rule 9.

Under Florida law, a complaint to quiet title "must show with clearness, accuracy, and certainty the validity of [Plaintiff's] own title and the invalidity of the title of the opposing party." Welborn v. Pierce, 75 Fla. 667, 672, 78 So. 929 (Fla. 1918); and Brecht v. Bur-Ne Co., 91 Fla. 345, 352,108 So. 173 (Fla. 1926) (complaint to quiet title must allege the matter that constitutes the cloud and the facts showing the validity and invalidity of the claim).  It is not clear from Plaintiffs' complaint whether they still hold title to the Property, what instruments they believe create a cloud on the Property, who owns and holds those instruments, or why the instruments are not valid.  Accordingly, Count III is dismissed.

"[T]he test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his

position, but whether he is entitled to a declaration of rights at all." <u>Citizens Property Ins. Corp v. Ifergane</u>, 2012 WL 4010964 *3 (Fla. 3d DCA) quoting <u>Meadows Cmty. Ass'n, v. Russell-Tutty</u>, 928 So.2d 1276, 1279 (Fla. 2d DCA 2006).  The parties must have an "actual, present, adverse and antagonistic interest" in the subject of the complaint.  (<u>Id</u>.)  Here, the Plaintiffs have not alleged facts showing the specifics of any foreclosure case and consequently, they have not averred any actual claim or controversy that is pending, and for which a judicial determination is necessary.

Under RESPA, a borrower can bring a claim for actual money damages and statutory damages based upon a violation of the act.  12 U.S.C. § 2605(f).  However, an allegation of damages "is a necessary element of any claim under § 2605." <u>Frazile v. EMC Mortgage Corporation</u>, 382 F.App'x 833, 836 (11th Cir. 2010).  In order to show their entitlement to actual damages, Plaintiffs must "establish a causal link between the financing institution's violation and [their] injuries." <u>McLean v. GMAC Mortgage Corporation</u>, 398 F.App'x 467, 471 (11th Cir. 2010).  Plaintiffs' complaint fails to state a cause of action under RESPA because they have not alleged how they were actually damaged by the kickbacks.  Consequently, they have not pled a claim for actual damages.  Plaintiffs have also failed to allege a pattern or practice on the part of the movants that would entitle Plaintiffs to an award of statutory damages.  "The courts have interpreted the term 'pattern or practice' in accordance with the usual meaning of the words . . . The term suggests a standard or routine way of operating.'" <u>In re Salvador</u>, 456 B.R. 610, 624 (M.D.Ga. 2011) (internal citations omitted).  Plaintiffs have failed to allege

a pattern or practice by any of the movants.

The movants contend that Plaintiffs' claim under TILA is time barred under 15 U.S.C. § 1640(e) which states that a claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation." Plaintiffs have failed to allege the dates of the assignments about which they complain and they have not attached copies of the assignments to their Complaint. Accordingly, it cannot be said, based upon the averments in the Complaint, that it is time barred and the motion to dismiss on this ground is denied.

IV.   Conclusion

For the foregoing reasons:

(1)   Defendant, Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 11) is GRANTED.

(2)   Defendant, OneWest Bank, FSB's, Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 12) is GRANTED.

(3)   Defendant, U.S. Bank, N.A.'s, Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 13) is GRANTED.

(4)   Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE, with leave to amend no later than 21 days from the date of this Order.

(5)   Plaintiffs are warned that if they fail to amend their complaint within the time permitted by the Court, then this case may be dismissed and Plaintiffs may be precluded from refiling their claims in the future.

ORDERED in Chambers in Orlando, Florida, on November 5, 2012.

_____
THOMAS B. SMITH
United States Magistrate Judge


Copies to:

    Plaintiffs, pro se
    Counsel of Record